# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Deutsche Bank National Trust Company, as trustee, on behalf of the holders of the Soundview Home Loan Trust 2005-1 Asset-Backed Certificates, Series 2005-1 | : : : : : | Case No. 1:06-cv-01249 |
| | : | Judge Christopher A. Boyko |
| Plaintiff, | : : | **JUDGMENT ENTRY AND DECREE OF FORECLOSURE** |
| vs. | : : | |
| Nathaniel Brown, et al. | | |
| Defendants. | | |

UNITED STATES DISTRICT JUDGE CHRISTOPHER A. BOYKO

This matter is before the Court on Plaintiff's unopposed Motion for Default Judgment.

The real property that is the subject of this foreclosure action (the "Property") is as follows:

> Situated in the City of Cleveland, County of Cuyahoga, and State of Ohio: And known as being Sublot No. 23 in Z. M. Bigelow's Subdivision of part of Original 100 Acre Lots No. 425 and 426, as shown by the recorded plat in Volume 9 of Maps, page 15 of Cuyahoga County Records, and being 50 feet front on the Northerly side of Shale Avenue, and extending back between parallel lines 126 feet deep, as appears by said plat, be the same more or less, but subject to all legal highways.

The Clerk's Entry of Default is properly reflected on the Pacer docket. In response to the Motion for Default Judgment, the Court finds that Nathaniel Brown and The Huntington National Bank have been served with a Summons and Complaint but are in default for failure to file an Answer or other responsive pleading. As a result, with respect to such defendants, the Court hereby grants Plaintiff's Motion for Default Judgment and enters judgment in favor of Plaintiff for the relief sought by Plaintiff in its Complaint.

The Court finds that Nathaniel Brown executed the promissory note referenced in the Complaint (the "Note") and therefore promised, among other things, to make monthly payments on or before the date such payments were due. The Court further finds that Plaintiff is the owner and holder of the Note and that the sums due under the Note were accelerated in accordance with the terms of the Note and Mortgage. The Court further finds that Nathaniel Brown executed and delivered the mortgage referenced in the Complaint (the "Mortgage"), that Plaintiff is the owner and holder of the Mortgage, and that the Mortgage secures the amounts due under the Note.

The Court finds that the Note and Mortgage are in default because monthly payments have not been made. The Court further finds that the conditions of the Mortgage have broken, the break is absolute, and Plaintiff is entitled to have the equity of redemption and dower of the current title holders foreclosed.

The Court further finds that there is due on the Note principal in the amount of $77,188.28 plus interest on the principal amount at the rate of 7.55% per annum from October 1, 2005. The Court further finds that there is due on the Note all late charges imposed under the Note, all advances made for the payment of real estate taxes and assessments and insurance premiums, and all costs and expenses incurred for the enforcement of the Note and Mortgage, except to the extent the payment of one or more specific such items is prohibited by Ohio law.

The Court notes that, all personal obligations of Nathaniel Brown on the Note have been discharged under the United States Bankruptcy Code. As a result, the Court does not grant personal judgment against Nathaniel Brown for the amount due on the Note.

The Court finds that the Mortgage was recorded with the County Recorder and is a valid and subsisting first mortgage on the Property. The Court further finds that the parties to the Mortgage intended that it attach to the entire fee simple interest in the property. Plaintiff's

Mortgage is, however, junior in priority under Ohio law to the lien held by the County Treasurer to secure the payment of real estate taxes and assessments. All amounts payable under Section 323.47 of the Ohio Revised Code shall be paid from the proceeds of the sale before any distribution is made to other lien holders.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that unless the sums found to be due to Plaintiff are fully paid within ten (10) days from the date of the entry of this decree, the equity of redemption of the defendant title holders in the Property shall be foreclosed and the Property shall be sold free of the interests of all parties to this action. In addition, an order of sale shall issue to the Master Commissioner, directing him to appraise, advertise and sell the Property according to the law and the orders of this Court and to report his proceedings to this Court.

Notice of the time and place of the sale of the Property shall be given to all persons who have an interest in the Property according to the provisions of Section 2329.26 of the Ohio Revised Code.

Upon distribution of the proceeds, pursuant to the Order of Confirmation of Sale and Distribution in accordance with the provisions of Amended General Order 2006-16, a certified copy of the Order shall be issued to the Cuyahoga County Recorder and Clerk of Courts directing them to enter the same on the margin of the records of the mortgages and liens, releasing the liens adjudicated herein from the premises.

**IT IS SO ORDERED.**

DATE: 3/21/07

FILED
MAR 21 2007
CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.

G:\Cases - TM\06-07857\motion for default judgment-070227-MAH.wpd

_____
Judge Christopher A. Boyko
UNITED STATES DISTRICT JUDGE

Approved:

/s/ Kevin L. Williams
Kevin L. Williams (0061656)
Manley Deas Kochalski LLC
P. O. Box 165028
Columbus, OH 43216-5028
Telephone: 614-222-4921
Fax: 614-220-5613
Email: klw-f@mdk-llc.com
Attorney for Plaintiff